# CASES

## ARGUED AND DETERMINED

IN

## THE SUPREME COURT OF ALABAMA,

## JUNE TERM, 1835.

---

### THE BANK OF THE STATE OF ALABAMA *vs.* HOOKS & DAVIS.

A *scire facias* against executors or administrators, to shew cause why execution, *de bonis propriis* should not issue, (after a judgment by default against the estate,) is not allowable on the bare return of *nulla bona*, to an execution *de bonis testatoris.*

In this case, the plaintiff in error obtained a judgment by default, in the Circuit Court of Tuskaloosa, against the defendants, as administrators of one Parham. A *fieri facias, de bonis testatoris,* being returned *nulla bona,* the plaintiff procured the issuance of a *scire facias* against the defendants, calling upon them to shew cause why execution *de bonis propriis,* for the amount of the judgment, should not issue.

The Court below, quashed the *scire facias,* and gave judgment for the defendants: to reverse which decision, a writ of error was taken to this Court.

STEWART, for Plaintiff—Contended, that *sci. fa.* was the proper remedy in this case.—6 *Johns. Rep.*

129—1 *Johns. Cases*, 276—14 *Johns. Reports* 446—1 *Haywood*, 304—*Sanders on Pl. & Ev.* 513, *marg*—1 *Salkeld*, 310—2 *Strange*, 1075, 732—1 *Wilson*, 258—1 *Lord Raym.* 589.

*Sci. fa.* in such cases, (he remarked,) is a concurrent remedy with *debt*, suggesting a *devastavit*—1 *Haywood*, 218, 293—2 *Haywood*, 112. From these cases it will also appear, that a failure to plead want of assets, admits assets. It has been held, that even *sci. fa.* is not necessary, and that a special *fi. fa. de bonis propriis*, is sufficient. It seems, though, that *sci. fa.* is the most appropriate remedy. The same doctrine will be found in 2 *Haywood*, 125, 377. It is laid down in these cases, that the *sci. fa.* is employed in practice in this country, in lieu of the *scire fieri enquiry* in England. In the English practice, *debt*, suggesting a *devastavit*, is of late, the most usual practice : but, in North Carolina, the *sci. fa.* has been adopted as a preferable remedy. It is so : it is a Common Law writ, giving a full remedy, and offering every ground of defence to the defendant, that the action of debt could afford. The return of *nulla bona*, is *quasi* conclusive as to the *devastavit*, when judgment has been by default.

In England, the remedy of *sci. fa.* is concurrent with that of *debt.*—*Toller's Ex'ors*, 469—1 *Saunders' Rep.* 303, 305, 307, 337, *note* 1.

*Nulla bona* returned, after a judgment by default, is nearly equivalent to the return of a *devastavit.*—1 *Salk.* 310. The same doctrine is laid down in *Tidd's Practice.*

In England, the action of *debt* has been preferred to *sci. fa.* because the latter carries no costs.

VANDEGRAFF and SHORTRIDGE, *contra*—Argued, that the *sci. fa.* in this case, could not be sustained.

It is not, (it was said) in the form now given to it, a Common Law writ. It was only known to the Common Law for the purpose of enforcing judgment after a year and a day in *real* or *mixed* actions; but as a personal action it only exists by statute. It was introduced by statute in England, for special purposes; and no such statute as that of England exists in this country.—*Coke on Lit.* 290, *B.*

But even if the action could be sustained, it could only lie on matter of record. It could not lie here, because there was no record evidence shewing a *devastavit.* The return of *nulla bona*, cannot constitute any such record.

In England, on judgment *de bon. test.* the sheriff might return *nulla bona,* or at his peril, a *devastavit :* this last was a matter of considerable risk, and seldom done. The return of *nulla bona* does not fix the *devastavit* on the defendant; it is only evidence of it, and not a record or ascertainment of the fact. The true remedy in a case of this kind is an action of debt suggesting a *devastavit.* This has been the known and acknowledged remedy from time immemorial. In this action, the return of *nulla bona* is evidence—but not conclusive, of a *devastavit.* Sometimes, indeed, in England, the sheriff returned a *devastavit* along with *nulla bona :* this was a record, and upon it a *sci. fa.* was allowed. Yet, even then, this record—unlike most others, could be controverted. But we insist that English authorities will not justify the issuing of a *sci. fa.* merely on *nulla bona* : nor can any such authority be cited in the Courts of the United States, except those of North Carolina, which were decided on the authority of *Pettifer's* case—which case has been overruled, and is not law.—1 *Sanders,* 219, *note* 8.

The *sci. fa.* was not issued in England on the return of *nulla bona*, without the empannelling of a jury to ascertain whether there had been a *devastavit.* Then, if the jury found the fact, there was record, and a *sci. fa.* might issue.

The *scire fieri enquiry*, was a writ issued after return of *nulla bona*, incorporating the *sci. fa.* with the *fi. fa.* directing an inquiry to ascertain the *devastavit*, and effecting by one writ what had formerly been effected by two. But debt, suggesting a *devastavit*, is the more usual remedy now in England.

The imputation of a *devastavit* is *quasi* the imputation of a crime, and will not be presumed without the finding of a jury—*Dunlap's Practice*, 1083, 1092—*Catlett* vs. *Carter's ex'ors*, 2 *Munf.* 24.

By Mr. Justice THORNTON:

Upon a judgment by default against the defendants in error, as administrators of William W. Parham, dec. in the Circuit Court of Tuskaloosa, and the return of *nulla bona de bonis testatoris*, to a *fieri facias* issued thereon, the plaintiff issued a *scire facias*, citing the defendants to shew cause why execution *de bonis propriis* should not issue, to levy the amount of the said judgment. On the motion of the defendants in error, who were the defendants below, the writ of *scire facias* was quashed, and judgment rendered for costs against the plaintiff, from which a writ of error is prosecuted, and the rendering of the said judgment is now here assigned for error.

No question concerning the revivor of judgments by *sci. fa.* is presented for our consideration on this record. If it were, I am induced to think, that the distinction, which, according to the general tenor of authority, existed at the Common Law, between real

and personal actions, has been as entirely obviated by our statutory enactments, as it has been in England. In every case where the necessity of reviving exists, the mode of *sci. fa.* is authorised to be pursued.[a]   aAik. Dig.270.

The only enquiry involved here, is, whether in the case of an existing judgment by default against administrators, a *scire facias* is a proper remedy to obtain satisfaction, out of their own goods and chattels, upon the return of *nulla bona*, to a *fi. fa. de bonis testatoris.* We have no statute upon this subject: nor can I discover that there is any, originating, or regulating the course of practice, as sometimes pursued in the English Courts, by *scire facias*, in lieu of the more usual one, by the action of debt on the judgment, suggesting a *devastavit.*

The proceeding in the case before us, is not in accordance with any practice, which at any time, has prevailed either in the Common Pleas, or Court of King's Bench in England. The history of this matter, as stated in 2d *Crompton's Practice*, 108, which contains a methodical arrangement of the rules of practice in both those Courts, is this: "Formerly the method was, upon obtaining judgment by default against an executor or administrator, (which would reach only the goods of the testator or intestate) and *nulla bona* returned to a *fi. fa.* sued out on such judgment, to issue out a writ to enquire, whether the defendant had wasted any of the effects of the deceased; and if a *devastavit* was found by the inquisition, and returned thereto, then for the plaintiff to proceed by *scire facias*, for the defendant to shew cause, why the plaintiff should not have judgment *de bonis propriis*: to which *sci. fa.* the executor, or administrator, could appear, and plead *plene administravit.* But now, the *fieri facias* enquiry, and *scire fa-*

*cias*, are incorporated, and made out in one writ, for expedition. However, this method, though much better than the old one, is seldom pursued at this day, &c. But the way is, to bring an action of debt on the judgment, suggesting a *devastavit*."[a]

Now, in the case before us, there is no *enquiry*, nor is there any return of *a waste*, by the sheriff, on the *fi. fa.* So, that it is not even presented for our consideration, whether we would recognise and sustain, either the ancient or modern practice as above described, in lieu of the action of debt, suggesting a *devastavit;* for the case pursues neither course. So that, whatever we might decide upon a proper case, as to the binding force of this remedy, in either form of it, we cannot support the course here pursued by *sci. fa.* alone, without any thing but the return of *nulla bona*, as such was not allowed in the English Courts, by the authority of which, we are urged, as precedents of practice, to tolerate this procedure.

Let the judgment be affirmed.

[a] See also, 1st Saund. 219,— note G.